NOT DESIGNATED FOR PUBLICATION

No. 120,849

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY GENE HENDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed October 4, 2019. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, chief deputy county attorney, *Gregory T. Benefiel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM:  Affirmed under Supreme Court Rule 7.042(b)(4), (5), and (6) (2019 Kan. S. Ct. R. 48). We affirm the district court's decision to impose a 180-day prison sanction for Anthony Henderson's probation violations and extend his probation one year. Our review of the record shows the district court's factual findings are supported by clear and convincing evidence and its findings of fact and legal conclusions adequately explain its decision. We further hold the district court did not abuse its discretion.

At sentencing, the district court granted Henderson's motion for a downward dispositional departure to probation from presumptive imprisonment. Henderson initially

1

violated his probation shortly after completing his court-ordered inpatient treatment program and the district court ordered him to serve a two-day "quick dip" jail sanction pursuant to K.S.A. 2018 Supp. 22-3716(c)(1)(B). After the quick dip, Henderson did not learn his lesson and again violated the conditions of his probation in November 2018. The State filed another motion to revoke his probation. At the revocation hearing, the court determined Henderson violated his probation, extended his probation for one year, and ordered him to serve a 180-day prison sanction pursuant to K.S.A. 2018 Supp. 22-3716(c)(1)(D).

Henderson argues the district court abused its discretion. He does not dispute the district court's finding he violated his probation, and he does not allege an error of fact or law. Rather, Henderson asserts the district court's decision was unreasonable. But Henderson has not supported his argument with citation to pertinent authority, and he has failed to show that no reasonable person would agree with the district court's decision. Upon review of the record, we find no abuse of discretion. See K.S.A. 2018 Supp. 22-3716(c)(1)(D) (on subsequent probation violation, district court may impose a 180-day prison sanction if the violator had a prior sanction imposed under K.S.A. 2018 Supp. 22-3716[c][1][B]); see also K.S.A. 2018 Supp. 22-3716(c)(9)(B) (the district court may bypass the intermediate sanctions listed in K.S.A. 2018 Supp. 22-3716[c][1][B]-[D] and revoke probation pursuant to K.S.A. 2018 Supp. 22-3716[c][9][B] if the district court granted a dispositional departure at sentencing); K.S.A. 2018 Supp. 22-3716(c)(1)(E) (upon revocation of probation, district court may require the defendant "to serve the sentence imposed, or any lesser sentence"); *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) (district court must apply the version of K.S.A. 22-3716 in effect when the defendant violated probation). Under these facts, a reasonable person could easily conclude the 180-day prison sanction was appropriate.

Affirmed.